UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| DERRICK JUSTIN CHOATE #414947, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 2:16-0069 |
| v. | ) | Chief Judge Sharp/Brown |
| | ) | **Jury Demand** |
| PHIL ARMS, | ) | |
| | ) | |
| Defendant | ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Plaintiff's motion for a restraining order (Docket Entry 17) be denied and that any appeal from the denial of this motion not be certified as taken in good faith.

### BACKGROUND

The Plaintiff has filed a complaint against Lt. Phil Arms (Docket Entry 1) in his individual capacity in which he alleges that Arms, while an officer in the Putnam County Sheriff's Office, assaulted him and used excessive force while the Plaintiff was in handcuffs and complying with verbal commands. He alleges that he was choked and his head was slammed into a brick wall by the Defendant on June 24, 2016. He alleges that the Defendant strangled him for about 15 to 20 seconds causing him to almost lose consciousness and then slammed his head into a concrete wall causing a large knot the size of an egg on his forehead. He alleges that all this occurred while his hands were cuffed behind his back

and that even though he made insulting comments to the Defendant, he did not do anything to justify such a use of force.

The Plaintiff was allowed to proceed *in forma pauperis* and the case was referred to me for case management and a report and recommendation on any dispositive motion (Docket Entry 8).

In his motion the Plaintiff alleges that since the incident he complained of the Defendant has made several threats against his life and that he is in fear for his life and safety. Because of this he requests an order requiring him to be moved to another facility. He states that he has been singled out and threatened with lock down and loss of privileges for no reason and that they are enforcing rules against him that do not even exist. He believes that things are being done by the Defendant and other correction officers to make his living conditions harder.

In their response (Docket Entry 23) the Defendant points out that the Plaintiff is currently awaiting sentencing and until he is sentenced he is not eligible to be transferred to a facility operated by the Tennessee Department of Corrections absent exceptional circumstances. They specifically denied that he has been singled out and threatened or that he has been on lock down with the loss of privileges. They state that Mr. Nashville, the Administrator for the Putnam County Jail, has conferred with the Plaintiff and that the Plaintiff has agreed not to create a problem. Provided the Plaintiff does not create a problem they state that no disciplinary action will be taken against him. They

2

further state that as of the date of the response he has not created any problems and no disciplinary action has been taken against him. In support of this response they attach the affidavit of Mr. Nash, which supports the statement in their response (Docket Entry 23-1). Also attached as Docket Entry 23-2 is an affidavit from the Defendant that states he has not been in contact with the Plaintiff since August 3, 2016, and that he denies making any threats to harm the Plaintiff in any way.

**LEGAL DISCUSSION**

The Defendant has filed an answer.[1] The Defendant has also filed a response to the motion for a temporary restraining order (TRO) (Docket Entry 23) and the matter is ready for disposition.

In determining whether to issue a TRO or preliminary injunction the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; or (4) whether the public interest would be served by the issuance of the injunction. *Rock and Roll Hall of Fame Museum, Inc. v. Gentile products,* 134 F.3d 749, 753 (6th Cir. 1998).

---

[1]The Defendant has also filed a motion for summary judgment (Docket Entry 24) which will be addressed separately when it is ready for disposition.

The Supreme Court has long ago held that courts should defer to the informed discretion of prison administrators because of the realities of running a correctional institute are complex and difficult and that courts are ill-equipped to deal with these problems and the management of these facilities is confined to the executive and legislative branches, not to the judicial branch. *Bell v. Wolfish*, 441 U.S. 520, 531 (1979).

In this case, the Plaintiff has not presented any concrete evidence that the Defendant has taken any action against him since the alleged incident. The Plaintiff's subjective fear of future retaliations is simply insufficient. *See Carney v. Craven*, 40 Fed.Appx. 48 (6th Cir. 2002).

Likewise, there is no constitutional right to placement in any particular prison, particularly for a prisoner who is awaiting sentencing. *See Christian v. Michigan Department of Corrections*, 2013 WL 607783 (E.D. Mich. Jan. 28, 2013).

Applying the four-step standard for issuance of a preliminary injunction, the Magistrate Judge finds that the Plaintiff has failed to meet those standards.

> (1) The Plaintiff simply has no right to assignments to a particular institution and even if one assumes that the threats were made, mere verbal threats are insufficient to justify the relief the Plaintiff requested.

(2) There is no evidence that the Plaintiff is likely to suffer irreparable injury absent an injunction. The prison officials are well aware of his complaints and have stated under oath that there is no present threat to the Plaintiff. As noted above, the Plaintiff's subjective belief of harm is insufficient.

(3) While not a strong factor, the issuance of preliminary injunction requiring the movement of the Plaintiff could cause difficulties for others and could interfere with state court proceedings involving the Plaintiff's sentencing. The Plaintiff needs to be available for further state court proceedings without the necessity of excessive transportation. He is apparently not eligible for confinement at a state prison and would have to be transferred to another county at the expense of that county.

(4) The public interest would not be served by the Court becoming enmeshed in managing the prison system.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion for preliminary injunction requiring the

5

movement of the Plaintiff be denied and that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 16th day of November, 2016.

/s/  Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge