# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

DERRICK JUSTIN CHOATE #414947,    )
    )
       Plaintiff,    )
    )
v.    )    No. 2:16-00069
    )    **Chief Judge Crenshaw/Brown**
PHIL ARMS,    )    **Jury Demand**
    )
       Defendant.    )

## REPORT AND RECOMMENDATION

Pending before the court is a motion for summary judgment filed by defendant on November 11, 2016. (Doc. 24) The Magistrate Judge **RECOMMENDS**, for the reasons explained below, that the motion for summary judgment (Doc. 24) be **DENIED**.

### I.  BACKGROUND and INTRODUCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, was a pretrial detainee in the Putnam County Jail at the time of the alleged events that give rise to this action under 42 U.S.C. § 1983. (Doc. 1, pp. 1-2) The complaint alleges that Lt. Phil Arms, the defendant to this action, subjected him to cruel and unusual punishment by using excessive force while escorting plaintiff to his cell on June 24, 2016. (Doc. 1, pp. 5-6) More particularly, the complaint alleges that, after plaintiff made a disparaging comment about defendant's mother, defendant grabbed him by the throat with both hands, choked him, and then "slammed" his head into the adjacent concrete wall causing "a large knot…to pop up on [his] forehead…" (Doc. 1, p. 6). Plaintiff asserts that he was handcuffed behind his back at the time of the alleged incident, and that he made no threatening gestures. (Doc. 1, p. 6)

1

Defendant moved for summary judgment on November 11, 2016. (Doc. 24) The motion includes attached copies of defendant's sworn affidavit, plaintiff's medical records for the date of the alleged incident, and the sworn affidavits of Sgt. Scott Murphy, Corrections Officer (CO) Corey Jackson, and CO Robert Underwood. (Doc. 24) Plaintiff also filed a memorandum of law in support his motion and a statement of undisputed material facts. (Docs. 25-26)

Plaintiff moved to amend his original complaint on March 27, 2017 to add eight additional defendants. (Doc. 54) Plaintiff's motion to amend was denied on July 11, 2017, leaving only the original claim against the original defendant. (Doc. 86)

Plaintiff filed a response in opposition to defendant's motion for summary judgment on April 13, 2017. (Doc. 59) He also filed the sworn affidavits of inmates Derrick Flores and Shawn Vincent. (Docs. 61-62)

Defendant filed a motion for leave to file an exhibit manually on April 17, 2017. (Doc. 64) Defendant's motion was granted. (Doc. 66) The exhibit filed manually was a DVD containing two videos, one of which entitled "Choate escape" purports to show the actual incident that gave rise to this action (hereinafter referred to as "DVD").

On May 8, 2017, plaintiff filed his own sworn affidavit and the sworn affidavit of inmate James Whittenburg. (Doc. 71) Defendant replied to plaintiff's response to his motion for summary judgment on May 9, 2017 (Doc. 72), following which plaintiff filed the affidavit of inmate Christopher Mayberry on May 15, 2017 (Doc. 74). On May 17, 2017, defendant filed a supplemental reply to the filing of inmate Mayberry's affidavit. (Doc. 77) Thereafter, plaintiff filed the affidavit of inmate Wayne Masciarella (Doc. 81), in response to which defendant again filed a reply (Doc. 83).

This matter is now properly before the court.

2

## II. LEGAL STANDARD

### A. Action Brought Pursuant to 42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

### B. Cruel and Unusual Punishment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on prisoners. U.S. Const. amend VIII. The Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *See Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). Claims brought by pretrial detainees are "analyzed under the same rubric as Eighth Amendment claims brought by prisoners," even though their claims are based on rights protected by the Fourteenth Amendment. *Villegas*, 709 F.3d at 568.

Excessive force against a pretrial detainee is evaluated considering whether "the force purposely or knowingly used against him was objectively unreasonable" and depends on case-specific facts. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 538 (6th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). In determining whether the force applied by a corrections officer was reasonable, possible considerations to take into account may include:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

3

*Kingsley*, 135 S. Ct. at 2473. Objectively reasonable force does not include the application of "gratuitous violence" by an officer. *See Coley*, 799 F.3d at 539. A forceful push of a handcuffed pretrial detainee that causes him to fall and hit the wall and floor may constitute excessive force. *See Coley*, 799 F.3d at 539. However, not every push by a corrections officer against an inmate that might seem unnecessary in hindsight constitutes excessive force. *See Coley*, 799 F.3d at 539 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

### C. Summary Judgment

In granting a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating whether summary judgment is appropriate, the court is to consider the facts presented in the record in the light most favorable to the non-moving party, and the non-movant must provide sufficient evidence and more than the pleading to show a genuine issue of material fact. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999).

Evaluating evidence at the summary judgment stage depends on whether an actual disagreement is established by the evidence or that the evidence heavily favors one party so that party must prevail. *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not accept the version of the facts," that completely contradicts the record in evaluating summary judgment. *Coble v. City of White House, Tenn.*, 634 F.3d 865, 868 (6th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). If, however, there is a genuine dispute of

4

material fact, then the motion for summary judgment should be denied. *Sowards v. Loudon Cty., Tenn.*, 203 F.3d 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000).

### III. ANALYSIS

#### A. Defendant's Motion for Summary Judgment

Defendant argues in his motion for summary judgment that he did not use excessive force against plaintiff. (Docs. 24; 25, pp. 1, 3) As previously noted above at p. 2, in addition to his own sworn affidavit to that end, defendant also has submitted the sworn affidavits of Sgt. Murphy, CO Jackson, and CO Underwood, in which they too attest that defendant did not use excessive force. (Doc. 24) Plaintiff argues, on the other hand, that defendant did use excessive force against him, and supports his allegation with the affidavits of inmates Flores, Vincent, Whittenburg, Mayberry, and Masciarella, all of whom attest that they witnessed defendant's alleged use of excessive force. (Docs. 61-62; 71; 73; 81) These conflicting affidavits create a genuine issue of material fact which, without something more, would warrant denying defendant's motion for summary judgment. The "something more" is the DVD filed by defendant.

The DVD shows plaintiff outside of his cell sitting at a table with other inmates. (DVD, 6:30-6:48) It also shows plaintiff being handcuffed and escorted from the common area. (DVD, 6:40-6:51) As plaintiff is being escorted, defendant starts to move his arm towards plaintiff's upper body. (DVD, 6:50-6:53) Plaintiff and defendant then move out of view of the camera, just prior to the alleged incident. (DVD, 6:48-6:58) The DVD does not show the alleged incident.

Given the conflicting affidavits, and that the DVD does not show the alleged assault, there exists a genuine issue of material fact whether defendant used excessive force.

#### B. Qualified Immunity

Defendant's motion for summary judgment also asserts a qualified immunity defense. (Doc. 25, p. 6) The Sixth Circuit has stated that qualified immunity claims are evaluated according to a

5

"two-step analysis: (1) viewing the facts in the light most favorable to the plaintiff, we determine whether the allegations give rise to a constitutional violation; and (2) we assess whether the right was clearly established at the time of the incident." *Shreve*, 743 F.3d at 134 (internal quotations omitted) (quoting *Burgess*, 735 F.3d at 472). Either step may be evaluated first. *Burgess*, 735 F.3d at 472 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). The plaintiff bears the burden of proving "that the officer is not entitled to qualified immunity." *Coble*, 634 F.3d at 870-71 (citing *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010)). If, at summary judgment, "plaintiff's evidence would reasonably support a jury's finding that the defendant violated a clearly established right, [then] the court must deny summary judgment." *McDonald v. Flake*, 814 F.3d 804, 812 (6th Cir. 2016).

### 1. Clearly Established Right

A "clearly established" right is a right that is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 788 (6th Cir. 2012) (internal quotations omitted) (quoting *Wheeler v. City of Lansing,* 660 F.3d 931, 938 (6th Cir. 2011)). Pretrial detainees have a clear constitutional right to be free from excessive force. *See Kingsley*, 135 S. Ct. at 2473; *Shreve*, 743 F.3d at 133. As explained above at pp. 3-4, the Sixth Circuit has stated that using force that amounts to "gratuitous violence" constitutes excessive force. *See Coley*, 799 F.3d at 539. Pretrial detainees have a "clearly established right not be gratuitously assaulted while fully restrained and subdued." *Coley*, 799 F.3d at 540. Plaintiff was a pretrial detainee and was handcuffed with his hands behind his back at the time of the alleged incident. (Doc. 1, pp. 1, 6) Therefore, the clearly established rights explained above applied to him. As explained, however, whether defendant's actions constitute excessive force is a matter in dispute.

### 2. Constitutional Violation

Regarding the second step in the qualified immunity analysis, there is a factual disagreement over whether defendant violated plaintiff's constitutional rights. (Docs. 24, p. 2; 59, p. 2) As explained above, the lack of security footage of the alleged incident along with the conflicting affidavits submitted by plaintiff and defendant generate a factual dispute regarding whether the force used was excessive and whether defendant violated plaintiff's constitutional rights. (DVD-Choate Escape 6:48-6:58; Docs. 24-3, p. 2; 24-4, pp. 1-2; 24-5, pp. 1-2; 61, p. 3; 62. p. 2; 74, pp. 1-2; 71, pp. 4, 7; 81, p. 3) Viewing the facts most favorably to plaintiff, the facts could reasonably support a jury finding in favor of plaintiff that defendant violated a clearly established constitutional right of plaintiff. *See McDonald*, 814 F.3d at 812. Therefore, defendant is not entitled to a qualified immunity defense at this time.

### IV. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained above that defendant's motion for summary judgment (Doc. 24) be **DENIED**. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

It is so **ORDERED.**

**ENTERED** this the 13th day of July, 2017.

Joe B. Brown
United States Magistrate Judge